**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTONIO WHITE; CRAIG WARD, | No. 17-55864 |
| Plaintiffs-Appellants, | |
| v. | D.C. No. 2:16-cv-05831-PSG-MRW |
| CALVIN BROADUS, JR., dba Snoop Dog; MARION KNIGHT; ANDRE YOUNG, dba Dr. Dre, | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| WARNER-TAMERLANE PUBLISHING CORP.; RICARDO BROWN, dba Kurupt; WARREN GRIFFIN III, dba Warren G., | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted January 9, 2019[**]
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

Before: GRABER and WARDLAW, Circuit Judges, and ROBRENO,[***] District Judge.

Plaintiffs Antonio White and Craig Ward appeal the dismissal of their first amended complaint, with prejudice, in their copyright action against Defendants Calvin Broadus, Jr.; Marion Knight; Andre Young; Warner-Tamerlane Publishing Corp.; Ricardo Brown; and Warren Griffin III. We affirm.

1. Plaintiffs' claims for copyright infringement became time-barred years ago under the Copyright Act's three-year statute of limitations, 17 U.S.C. § 507(b), because copyright ownership—not infringement—forms the core of their complaint. Plaintiffs learned of Defendants' allegedly infringing song no later than 1995. Ownership of Plaintiffs' song is disputed for several reasons: (1) Plaintiffs' 1992 copyright registration identified their song as a "work made for hire," indicating that Plaintiffs did not own its rights, 17 U.S.C. § 201(b); (2) Plaintiffs allegedly had a "business relationship" with Knight and agreed to give Knight's production company access to the "masters" of their song; and (3) in 1996, Knight's production company applied for a copyright for an album featuring the similar song. Where "the parties are in a close relationship," "the gravamen of a copyright infringement suit is ownership, and a freestanding ownership claim

---

[***] The Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

2

would be time-barred, any infringement claims are also barred." <u>Seven Arts Filmed Entm't Ltd. v. Content Media Corp.</u>, 733 F.3d 1251, 1255, 1258 (9th Cir. 2013).

Similarly, Plaintiffs' fraud claim against Knight became time-barred years ago under California's three-year statute of limitations. Cal. Civ. Proc. Code § 338(d). Because Plaintiffs' claims are time-barred, their "complaint could not be saved by any amendment." <u>Leadsinger, Inc. v. BMG Music Publ'g</u>, 512 F.3d 522, 532 (9th Cir. 2008) (internal quotation marks omitted). Therefore, the district court did not abuse its discretion in denying leave to amend.

2. The district court did not abuse its discretion by striking Plaintiffs' opposition to Young's fee motion for failure to comply with the local rules. <u>See</u> <u>Bias v. Moynihan</u>, 508 F.3d 1212, 1223 (9th Cir. 2007) (explaining that we give "[b]road deference" to a district court's application of its local rules). Moreover, we review the fee award for abuse of discretion, <u>Rodriguez v. County of Los Angeles</u>, 891 F.3d 776, 808 (9th Cir. 2018), and the award itself was reasonable under the Copyright Act's fee-shifting provision, 17 U.S.C. § 505.

Defendants won on a motion to dismiss, and Plaintiffs' claims were objectively unreasonable because they waited so many years to bring them. <u>See</u> <u>Seltzer v. Green Day, Inc.</u>, 725 F.3d 1170, 1180–81 (9th Cir. 2013) (discussing

3

considerations for a fee award under the Copyright Act). "The most important factor in determining whether to award fees under the Copyright Act" is whether the award furthers the Copyright Act's aim of "stimulat[ing] artistic creativity for the general public good." Mattel, Inc. v. MGA Entm't, Inc., 705 F.3d 1108, 1111 (9th Cir. 2013) (internal quotation marks omitted). "That aim is furthered when defendants advance a variety of meritorious copyright defenses." Id. (internal quotation marks omitted).

**AFFIRMED**.